**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAKOB WINN, Plaintiff, | ) | |
| v. | ) | No. 4:19-cv-1404-SPM |
| CARDINAL GLENNON HOSPITAL and UNKNOWN DOCTOR A, Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Jakob Winn, an inmate at the Dixon Correctional Center in Dixon, Illinois, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion and assess an initial partial filing fee of $4.56. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction, and to also submit a health care affidavit for each named defendant as required by section 538.225 of the Revised Statutes of Missouri.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $19.01, and an average monthly balance of $22.78. The Court will therefore assess an initial partial filing fee of $4.56, which is twenty percent of plaintiff's average monthly balance.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action for medical negligence against Cardinal Glennon Hospital and "Unknown Doctor A." He alleges federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. He avers he is an Illinois citizen, and he states that both defendants are Missouri citizens. Regarding "Unknown Doctor A," plaintiff states he is an "Unknown Doctor at Cardinal Glennon Hosp" and that Cardinal Glennon Hospital is his principal place of business.

In support of his claims, plaintiff alleges as follows. On or around May of 2017, he was admitted to Cardinal Glennon Hospital for surgery. He had experienced a previous injury that necessitated metal pin implants in his leg, which was done at a hospital in Chicago. "The Defendants" did not evaluate plaintiff's leg themselves, but instead relied upon statements from someone at the Chicago hospital regarding the specifications and locations of the pins. Cardinal Glennon and "Unknown Doctor A" performed surgery to remove the pins, and the surgeon broke them. Plaintiff alleges the surgeon failed to take necessary steps and "was also clearly not qualified to perform the surgery. He deviated from the normal standards of care and committed

malpractice." As a result, plaintiff had to undergo "further painful procedures" and suffered pain, and "now has permanent damage to his leg." Plaintiff avers that "Cardinal Glennon and the Surgeon would have known about the specifications of the pins had they took reasonable clinical inquiry, i.e. xrays or other diagnostic procedures."

Plaintiff seeks "3 million dollars in actual, compensatory and punitive damages: over the 75,000 jurisdictional threshold."

## Discussion

### I. Subject Matter Jurisdiction

Plaintiff asserts claims of medical negligence against a hospital and a fictitious medical treatment provider. He asserts this Court has jurisdiction over this action on the basis of diversity of citizenship. Plaintiff therefore has the burden of establishing diversity jurisdiction. *Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010) (the party asserting diversity jurisdiction has the burden of establishing it). "Given this burden, the general rule has been that, on challenge, the diverse citizenship of the fictitious defendants must be established by the plaintiff in order to continue a federal court action." *Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 899 (8th Cir. 2015); *see also Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997) ("[B]ecause the existence of diversity jurisdiction cannot be determined without knowledge of every defendants' place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits"). Here, plaintiff alleges that "Unknown Doctor A" was negligent, making him a real party in interest. While plaintiff can be understood to allege that "Unknown Doctor A" was employed in Missouri at the time of the events giving rise to the complaint, plaintiff offers no proof that "Unknown Doctor A" is a citizen of a state other than plaintiff's. In order for diversity jurisdiction to exist, there must be complete diversity of citizenship. That is, plaintiff cannot be a

citizen of the same state as any defendant. Here, where "Unknown Doctor A" is unnamed and there is no indication of where he is domiciled, the Court is unable to determine whether subject matter jurisdiction exists.

The Court also questions whether the amount in controversy is legitimate. Plaintiff seeks damages of $3 million, an amount that far and away exceeds the $75,000.00 required by 28 U.S.C. § 1332(a). However, the facts alleged in the complaint do not provide an adequate foundation for plaintiff's belief that his damages are properly measured at such an amount, or that they are even sufficient to meet the amount in controversy requirement at all. While plaintiff alleges that the defendants' negligence necessitated "further painful procedures," he fails to allege facts as basic as what those procedures were, how many there were, or what costs were associated with them. These deficiencies lead the Court to question whether the amount alleged is legitimate and, consequently, whether this suit really and substantially involves a dispute or controversy properly within its jurisdiction. "When a federal complaint alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *State of Mo. ex rel. Pemiscot County, Mo. v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). The Court will therefore direct plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

**II. Health Care Affidavit**

For the sole purpose of conducting the following analysis in conjunction with its obligation to review the complaint pursuant to 28 U.S.C. § 1915(e), the Court presumes that

subject matter jurisdiction exists, and notes that federal courts sitting in diversity "apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).

Missouri law requires a plaintiff to file, within 90 days of the date of the complaint, an affidavit attesting to the merits of an action such as the one at bar. Mo. Rev. Stat. § 538.225 (2000), *Devitre v. Orthopedic Ctr. of St. Louis, LLC*, 349 S.W.3d 327, 331 (Mo. 2011) (en banc). Section 538.225 provides, in relevant part:

> 1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
>
> 2. As used in this section, the term "legally qualified health care provider" shall mean a health care provider licensed in this state or any other state in the same profession as the defendant and either actively practicing or within five years of retirement from actively practicing substantially the same specialty as the defendant.
>
> 3. The affidavit shall state the name, address, and qualifications of such health care providers to offer such opinion.
>
> 4. A separate affidavit shall be filed for each defendant named in the petition.
>
> 5. Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days.
>
> 6. If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

The statute was intended to "cull at an early stage of litigation" meritless suits against health care providers. *Mahoney v. Doerhoff Surgical Services, Inc.*, 807 S.W. 2d 503, (Mo. 1991) (en banc). This Court has previously rejected the argument that the statute is a state procedural

rule that cannot be applied in a federal case, and federal district courts considering similar state statutes have reached the same conclusion. *Smith v. Planned Parenthood of St. Louis Region*, 225 F.R.D. 233, 237-40 (E.D. Mo. 2004) (collecting cases).

Two elements must be present in order for a Court to determine that a plaintiff is required to file a health care affidavit under the statute. *Devitre*, 349 S.W.3d at 331–32. First, the parties' relationship must be one of health care provider and recipient; and second, the claim must solely relate to the provision of health care services. *Id.* at 332; *Crider v. Barnes–Jewish St. Peters Hosp., Inc.*, 363 S.W.3d 127, 130 (Mo. Ct. App. 2012). Here, both parts of this test are met, as it is clear the parties' relationship was one of health care providers and recipient, and plaintiff's claims relate solely to the provision of health care services. The Court therefore concludes that plaintiff must file the health care affidavit required by §538.225.

Plaintiff filed the complaint on May 22, 2019. He was therefore required to file a health care affidavit for each named defendant no later than August 20, 2019. As of the date of this Memorandum and Order, plaintiff has not done so. The Court therefore concludes that he has failed to properly plead a medical negligence claim under the requirements of Missouri law. However, in consideration of plaintiff's pro se status, the Court will permit plaintiff an additional 30 days to submit the required affidavits, in addition to showing cause in writing why this case should not be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $4.56 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to

"Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and within thirty (30) days from the date of this order, why this case should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff shall, within thirty (30) days from the date of this order, submit the affidavits required by Mo. Rev. Stat. § 538.225.

**Plaintiff's failure to timely comply with this order shall result in the dismissal of this case, without prejudice and without further notice.**

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of September, 2019.