UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAKOB WINN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-1404-SPM |
| | ) | |
| CARDINAL GLENNON HOSPITAL and | ) | |
| UNKNOWN DOCTOR A, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Jakob Winn's response to this Court's September 4, 2019 order directing him to show cause why this action should not be dismissed for lack of subject matter jurisdiction. For the reasons explained below, this action will be dismissed.

### Background

Plaintiff is a prisoner who is proceeding herein pro se and in forma pauperis. He initiated this action on May 22, 2019 by filing a complaint alleging medical negligence against Cardinal Glennon Hospital and a fictitious defendant identified as "Unknown Doctor A." He alleged federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. He made no attempt to allege federal question jurisdiction, and the claims he raised were premised upon state law. In an attempt to establish diversity jurisdiction, he averred he was an Illinois citizen and he stated that both defendants were Missouri citizens. Regarding the fictitious defendant, however, plaintiff alleged only that he was an "Unknown Doctor at Cardinal Glennon Hosp" and that Cardinal Glennon Hospital was his principal place of business.

In support of his claims, plaintiff alleged as follows. On or around May of 2017, he was admitted to Cardinal Glennon Hospital for surgery. Plaintiff does not allege he was a prisoner at

that time. Plaintiff had experienced a previous injury that necessitated metal pin implants in his leg, which was done at a hospital in Chicago. The fictitious defendant performed surgery to remove the pins, and broke them. The fictitious defendant was "clearly not qualified to perform the surgery" and "deviated from the normal standards of care and committed malpractice." Because of this, "further painful procedures" are necessary, plaintiff suffered pain, and he "now has permanent damage to his leg." He sought "3 million dollars in actual, compensatory and punitive damages: over the 75,000 jurisdictional threshold." Plaintiff did not file an affidavit attesting to the merits of the action, as required by Mo. Rev. Stat. § 538.225.

Upon examination of its jurisdiction, the Court determined that while plaintiff's allegations established that the fictitious defendant was a real party in interest, plaintiff had provided no indication of his actual citizenship. The Court also questioned the legitimacy of the amount in controversy, noting that plaintiff failed to allege facts as basic as the type and number of additional procedures necessitated by the fictitious defendant's negligence, and what costs were associated with them. The Court concluded that plaintiff had failed to meet his burden of establishing subject matter jurisdiction on the basis of diversity of citizenship, and on September 4, 2019 entered an order directing plaintiff to show cause why his case should not be dismissed for lack of subject matter jurisdiction. The Court also noted the absence of the required health care affidavits, and directed plaintiff to provide them.

In the response now before the Court, plaintiff re-pleads his cause of action against Cardinal Glennon Hospital and "Unknown Doctor A." He reduced his alleged damages to $100,000, but he neither explained why nor alleged facts providing a foundation for his belief that his damages are properly measured at that amount. He avers he is trying to identify the fictitious defendant, and he wants this Court to appoint an attorney for him because he is

incarcerated and lacks legal knowledge. Regarding the required affidavits, plaintiff writes: "I am incarcerated which makes it impossible to get the medical affidavits requested and having proper representation will allow me to comply with the order dated September 4, 2019."

## Discussion

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case, and this Court must attend to the satisfaction of jurisdictional requirements in all cases. *See Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."). Courts must determine the presence of subject matter jurisdiction "even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009) (a court may raise the issue of subject matter jurisdiction at any time).

Subject matter jurisdiction is lacking if neither federal question jurisdiction nor jurisdiction on the basis of diversity of citizenship applies. *Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007). Here, plaintiff alleges no basis for federal question jurisdiction, and no such basis is apparent. Plaintiff does assert that this Court has subject matter jurisdiction on the basis of diversity of citizenship, and he raises claims premised upon state law.

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant."

3

*Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citing *Caterpillar Inc. v. Lewis*, 519 U.S 61, 68 (1996)). The diversity statute has long been interpreted as requiring "complete" diversity of citizenship. *Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 899 (8th Cir. 2015) (citation omitted). Complete diversity of citizenship exists where no defendant is a citizen of the same state as the plaintiff. *OnePoint Solutions, LLC v. Borchert,* 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention to remain there. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986). Because a plaintiff seeking diversity jurisdiction has the burden of establishing the complete diversity of the parties, "[t]he general rule . . . has been that, on challenge, the diverse citizenship of the fictitious defendants must be established by the plaintiff in order to continue a federal court action." *Lee,* 793 F.3d at 899; *see also Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997) ("[B]ecause the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits").

In the case at bar, the fictitious defendant is an indispensable party. Plaintiff must therefore establish the fictitious defendant's diverse citizenship in order to continue this action in this Court. *See Lee,* 793 F.3d at 899. In response to this Court's order to show cause, plaintiff reasserts his statements that the fictitious defendant is a Missouri resident and that Cardinal Glennon Hospital is his principal place of business. However, plaintiff's statement that the fictitious defendant is a Missouri resident is wholly based upon speculation. It cannot be assumed that the fictitious defendant is domiciled in Missouri simply because he performed a surgical procedure at a Missouri hospital in 2017. Plaintiff also states he is still trying to identify the fictitious defendant. However, plaintiff chose to bring this action in federal court before

identifying an indispensable party, and this Court cannot simply presume the parties are completely diverse or otherwise waive the issue of jurisdiction while plaintiff spends an unspecified period of time investigating the matter. "Subject matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh*, 546 U.S. at 514. Because plaintiff has failed to establish the fictitious defendant's citizenship, he has failed to establish the complete diversity of the parties. Consequently, the complaint must be dismissed due to plaintiff's failure to establish the Court's subject matter jurisdiction.

As an additional matter, the Court notes that its September 4, 2019 order also questioned the legitimacy of the amount in controversy. In that order, the Court noted that plaintiff failed to allege facts as basic as the type and number of additional procedures he required or what costs were associated with them, and gave him the opportunity to provide a foundation for the amount of damages claimed. In response, plaintiff simply reduced the amount of damages claimed without acknowledging, much less addressing, the Court's concerns. This leaves the Court with nothing permitting the conclusion that the sum plaintiff demands is actually the amount at issue and not simply an amount plaintiff has claimed in order to confer jurisdiction. While not dispositive, this provides further support for the Court's conclusion that plaintiff has failed to establish the Court's subject matter jurisdiction.

Plaintiff has also filed a motion to appoint counsel. As the Court has determined that it must dismiss this case for lack of jurisdiction, plaintiff's motion will be denied as moot. However, the Court notes that it would deny the motion even if it had jurisdiction over this case. District courts should determine whether the appointment of counsel is appropriate "[o]nce the court is satisfied that plaintiff has alleged a valid prima facie claim." *Nelson v. Redfield Lithograph Printing,* 728 F.2d 1003, 1005 (8th Cir. 1984). Here, plaintiff has persistently failed

to file the health care affidavits that are required in order to properly plead a medical negligence claim under Missouri law. The Court therefore cannot be satisfied that plaintiff has alleged a valid prima facie claim, and the appointment of counsel would be improper. *See id.* Even if plaintiff had shown that he alleged a valid prima facie claim, the Court would still deny the motion because the factual and legal issues involved appear straightforward, and plaintiff makes no attempt to argue that he has diligently attempted to retain counsel.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** for want of jurisdiction. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 9) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this ___29th___ day of October, 2019.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE